IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-1-1H
No. 7:16-CV-167-H

GEORGE WILLIAM BLACKWELL,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #156], and motion for extension of time to file supplemental briefing, [DE #177].

## BACKGROUND

On November 9, 2009, pursuant to a signed Memorandum of Plea Agreement, petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One); interference with commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count Six); and use of a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Seven). Petitioner was sentenced by this court to a total term of imprisonment of 155 months on February 9, 2010. Petitioner did not appeal. Therefore, petitioner's judgment became final at the entry of this court's judgment on February 18, 2010, "the date upon which [petitioner]

declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On June 20, 2016, petitioner, proceeding pro se[1], filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #156], arguing that neither armed bank robbery, (Count One) nor Hobbs Act Robbery (Count Six), qualifies as a crime of violence to support his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[2] Petitioner also argues his Sixth Amendment rights were violated because his sentence was increased for brandishing a firearm, rather than using and carrying a firearm, although he argues he was only subject to a five year term of imprisonment "based upon the indictment, conviction, and plea." [DE #156 at 5 and DE #156-1 at 2].

## COURT'S DISCUSSION

The Supreme Court recently invalidated the residual clause of the crime of violence definition under 18 U.S.C. § 924(c)(3)(B). United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019). The

---

[1] On September 10, 2019, counsel filed a notice of appearance pursuant to Standing Order 15-SO-02. [DE #175].
[2] In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. The court notes petitioner timely filed his motion to vacate within one year of Johnson. 28 U.S.C. § 2255(f)(3). However, Johnson does not afford relief to petitioner as he was not sentenced under the ACCA.

precise question remaining before the court is whether Hobbs Act Robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit has recently decided this issue. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") (citing United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).

Therefore, in light of Mathis, defendant's first claim is without merit.

Petitioner claims his plea agreement and indictment did not encompass brandishing a firearm. Petitioner's indictment charged as Count Seven that he, with others, "did use and carry a firearm, and did possess said firearm in furtherance of [Count Six], and did aid and abet each other in so doing," in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. [DE #2]. Petitioner entered a guilty plea to using, carrying, and brandishing a firearm during in and relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Seven). Petitioner was then sentenced to seven years on Count Seven. The Supreme Court has held "because the fact of brandishing aggravates the legally prescribed range of allowable sentences, it

constitutes an element of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant *might* have received if a different range had been applicable." Alleyne v. United States, 570 U.S. 99, 115 (2013). Even assuming Alleyne would apply to the facts of petitioner's case, Alleyne has not been made retroactive by the Supreme Court. United States v. Cornette, 932 F.3d 204, 210 (4th Cir. 2019). Therefore, as petitioner's judgment became final more than three years prior to the Supreme Court's decision in Alleyne, Alleyne does not afford relief to petitioner. Therefore, this argument is without merit.

## CONCLUSION

For the foregoing reasons, petitioner's motion, [DE #156], is DENIED. Petitioner's motion to extend time to file supplemental briefing, [DE #177], is DENIED AS MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). A reasonable jurist would not find this

4

court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 19th day of September 2019.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

5